JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marvin Arido-Sorro, | No.   CV-23-00842-PHX-JAT (ESW) |
| Petitioner, | |
| v. | **ORDER** |
| Merrick B. Garland, et al., | |
| Respondents. | |

Petitioner Marvin Arido-Sorro, an immigration detainee who is confined in the Central Arizona Florence Correctional Complex, has filed a pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), a Motion to Appoint Counsel (Doc. 3), and a Motion for Update (Doc. 7).

**I.   Application to Proceed In Forma Pauperis**

Petitioner's Application to Proceed In Forma Pauperis indicates that his inmate trust account balance is less than $25.00. Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperi*s*. *See* LRCiv 3.5(c).

**II.   Procedural Background**

Petitioner, a native and citizen of the Central African Republic first arrived in the United States in April 2013 as a legal refugee. (Doc. 1 at 11.) Petitioner was convicted in Pima County Superior Court, case #CR2015-2545, of three counts of aggravated assault, and on October 13, 2016, he was sentenced to a 7.5-year term of imprisonment.

While he was in state custody, Petitioner applied for an adjustment of status and protection under the Convention Against Torture (CAT). On July 31, 2019, an Immigration Judge (IJ) conducted an Individual Hearing on the merits of Petitioner's applications for adjustment of status and protection under the Convention Against Torture (CAT). (Doc. 1 at 20.) The IJ denied asylum, withholding of removal, waiver under § 209(c), adjustment of status under § 245, and withholding of removal under the CAT and ordered Petitioner's removal. (*Id.*) On November 5, 2019, Petitioner filed, through counsel, an unopposed motion to remand the IJ's denial of adjustment status and protection with the Board of Immigration Appeals (BIA). (*Id.* at 21-23.) On December 23, 2019, BIA granted the motion to remand. (*Id.* at 25.)

Petitioner was released from Arizona Department of Corrections, Rehabilitation and & Reentry custody on December 15, 2021, and was taken into Immigrations and Custom Enforcement (ICE) custody pursuant to an ICE detainer.[1] On February 8 and 28, 2022, Petitioner filed an I-130 Application with Application to Register Permanent Residence and an Application by Refugee for Waiver of Inadmissibility and Application for Adjustment of Status with United States Customs and Immigration Service. On August 18, 2022, an ICE Officer informed Petitioner that he did not qualify for a discretionary ICE bond and/or release on his own recognizance because "[t]hese two forms of custodial release are reserved for persons without previous criminal charges or convictions." (*Id.* at 38.) The Officer told Petitioner that ICE would not review Petitioner's custody determination, which had "already been reviewed," and that if Petitioner was ordered deported, ICE would facilitate the removal. (*Id.*)

Petitioner apparently requested ICE bond and/or release on his own recognizance, which was denied on August 18, 2022. On December 19, 2022, a Department of Homeland Security (DHS) attorney filed a motion to expedite the I-130 application process because DHS-ICE-FOD cannot remove a detainee whose removal is not significantly likely to

---

[1] *See* https://inmatedatasearch.azcorrections.gov/ (search by Inmate Number 320026) (last accessed Nov. 7, 2023).

- 2 -

occur in the reasonably foreseeable future. The status of Petitioner's I-130 application is unclear.

On January 18, 2023, Petitioner filed a request for humanitarian parole. (*Id.* at 43.) On February 13, 2023, Petitioner's request was denied. (*Id.*) On April 4, 2023, Petitioner again requested humanitarian parole, which was denied. (*Id.* at 45-46.)

It appears Petitioner's removal proceeding remains before the IJ. A master calendar hearing is scheduled for February 6, 2024.[2]

**III. Petition**

In his Petition, Petitioner names United States Attorney General Merrick B. Garland, Secretary of the Department of Homeland Security Alejandro Mayorkas, Warden Kris Kline, Assistant Chief Counsel Franks, Deputy Field Office Director Jason A. Ciliberti, and the ICS Field Office Director as Respondents. Petitioner contends his continued detention violates his rights under the Immigration and Nationality Act, 8 U.S.C. § 1236(a)(6), and to substantive and procedural due process.

First, Petitioner asserts that the 90-day statutory period for removal and the six-month presumptively reasonable period for continued removal efforts have elapsed, and Respondents cannot remove Petitioner to Central African Republic because there is no repatriation agreement between the United States and Central African Republic, and the Central African Republic will not "accept their citizens who have been ordered removed from the United States." Petitioner contends his continued indefinite detention is unreasonable and not authorized under 8 U.S.C. § 1231(a)(6).

Second, Petitioner asserts there is no significant likelihood that he will be removed in the reasonably foreseeable future, and his continued detention violates his right to substantive due process. Third, Petitioner contends that under Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained, and Petitioner has been denied that opportunity.

---

[2] *See* https://acis.eoir.justice.gov/en/caseInformation (last accessed Nov. 16, 2023).

Petitioner claims there is no administrative mechanism for him to obtain a decision from a neutral arbiter or appeal a custody decision, and the custody review procedures for Immigrant/Legal Refugees are "constitutionally insufficient both as written and as applied."

Petitioner asks the Court to assume jurisdiction over this matter; grant a writ of habeas corpus directing Respondents to immediately release from Petitioner; grant preliminary and permanent injunctive relief enjoining Respondents from "further unlawful detention of Petitioner"; and any other and further relief the Court deems just and proper.

The Court will require Respondents to answer the Petition.

## IV.    Motion to Appoint Counsel

A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B).  Appointment of counsel is required when there will be an evidentiary hearing. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  The decision to appoint counsel otherwise generally is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.*

The interests of justice do not require appointment of counsel in this action. An evidentiary hearing is not necessary at this time; if one does become necessary later, the court will appoint counsel on its own motion. Petitioner's claims for federal habeas relief have been adequately presented. *See Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel was within discretion of district court where petitioner adequately presented issues in petition and accompanying memorandum).  The Court will therefore deny without prejudice Petitioner's Motion to Appoint Counsel.

. . . .

. . . .

V.     **Warnings**

    A.     **Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    B.     **Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

    C.     **Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Petitioner's Motion for Update (Doc. 7) is **granted** to the extent that this Order updates Petitioner on the status of this case.

(2)     Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(3)     Petitioner's Motion to Appoint Counsel (Doc. 3) is **denied without prejudice**.

(4)     The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States

Attorney General pursuant to Rule 4(i)(1)(B) **and** to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

  (5) Respondents must answer the Petition within **20 days** of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

  (6) Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added).  *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

  (7) Petitioner may file a reply within **30 days** from the date of service of the answer.

  (8) This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

  Dated this 17th day of November, 2023.

_____
James A. Teilborg
Senior United States District Judge