**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marvin Arido-Sorro,<br><br>    Petitioner,<br><br>v.<br><br>Merrick B Garland, et al.,<br><br>    Respondents. | No. CV-23-00842-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge to whom this case was referred has issued a Report and Recommendation ("R&R") "recommend[ing] that the Court order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge." (Doc. 37 at 10). Petitioner filed objections to the R&R. (Doc. 41). The Court also received Petitioner's "Notice Regarding Status Requests Updates and Supplemental New [E]vidence/Information" ("Notice"). (Doc. 43).

**I. Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this

Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Objections must be specific, not general. *Warling v. Ryan*, No. CV-12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (citing *Thomas*, 474 U.S. at 149) ("[T]he Court has no obligation to review Petitioner's general objections to the R&R"); *Martin v. Ryan*, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. October 24, 2014) ("[W]hen a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it."). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Kenniston v. McDonald*, No. CV-15-2724-AJB-BGS, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) (internal citations omitted). "[S]imply repeating arguments made in the petition is not a proper objection." *Curtis v. Shinn*, No. CV-19-04374-PHX-DGC (JZB), 2021 WL 4596465, at *7 (D. Ariz. Oct. 6, 2021).

**II.     Background**

The R&R discusses the procedural and factual background of this case at pages 1 to 4. (Doc. 37). The Court summarizes the background here.

"On March 13, 2013, Petitioner was admitted to the United States as a refugee." (Doc. 37 at 1). Petitioner was convicted of crimes in June 2013, October 2016, and July 2017. (Doc. 37 at 2). In 2018, the Department of Homeland Security ("DHS") twice charged Petitioner as removable. (Doc. 37 at 2). "On July 31, 2019, an immigration judge ordered Petitioner removed to the Central African Republic." (Doc. 37 at 2). Petitioner

appealed the removal to the Board of Immigration Appeals ("BIA"); the BIA granted the appeal and remanded the case but did not reverse the removal order. (Doc. 37 at 2).

"On December 15, 2021, upon completion of his criminal sentences, Petitioner was transferred from the custody of the Arizona Department of Corrections to the custody of [Immigration and Customs Enforcement ("ICE")]." (Doc. 37 at 2). Petitioner then filed (1) an application to "adjust his status to that of a Lawful Permanent Resident;" and (2) "an application [] for waiver of inadmissibility grounds." (Doc. 37 at 2-3). In January 2024, the United States Citizenship and Immigration Services ("USCIS") "served a Notice of Intent to Deny" Petitioner's applications. (Doc. 37 at 3). The USCIS denied Petitioner's applications on March 26, 2024 and "scheduled a hearing before an immigration judge for July 25, 2024 to consider Petitioner's applications for relief from removal." (Doc. 37 at 3-4).

Petitioner then filed his Petition, "argu[ing] that his prolonged detention violates his statutory and constitutional rights" and "seek[ing] immediate release from custody." (Doc. 37 at 3; *see generally* Doc. 1). "Petitioner is currently being detained pursuant to 8 U.S.C. § 1226(c) pending a final determination of his applications for relief from removal." (Doc. 37 at 5).

The R&R analyzes whether Petitioner's prolonged detention without a bond hearing under 8 U.S.C. § 1226(c) is a violation of due process. (Doc. 37 at 5-10). The R&R "concludes that Petitioner's continued detention without an individualized bond hearing violates due process" but "[i]mmediate release is not warranted." (Doc. 37 at 8).

Prior to the R&R, in an order denying Petitioner's motion for default, the Court asked Respondents to "file a status report informing the Court of the status of Petitioner's removal proceedings within ten days from the date of [the] Order, and every sixty days thereafter." (Doc. 36 at 1). Respondents filed the requested status report. (Doc. 38). Petitioner, though not required to by the Court, also filed a status report. (Doc. 39). The Court wrote a subsequent order to clarify the filings and ensure neither party misunderstood their respective "status reports" to be substitutes for objections. (Doc. 40). Petitioner then

filed an objection to the R&R. (Doc. 41).

### a. Objection 1: Petitioner's Receipt of Respondents' Supplemental Brief

Petitioner objects to a footnote in the R&R's background section that says: "The Court's Order (Doc. 30) provided that Petitioner may file a supplemental reply within thirty days after service of [Respondents'] supplemental brief. Petitioner did not file a supplemental reply." (Doc. 37 at 3). Petitioner says he did not file a supplemental reply because he did not receive Respondents' supplemental brief. (Doc. 41 at 1).

On July 8, 2024, Respondents filed a supplemental brief, (Doc. 33), in response to the Court's order to do so. (Doc. 30). Respondents certified that they electronically transmitted this supplemental brief to Petitioner. (Doc. 33 at 9). On review, Respondents have certified that they electronically transmitted nearly all their briefs in this case to Petitioner. (*See, e.g.,* Doc. 15, 18, 21, 22, 24, 28, 33, 38). The exception is Document 32, which Respondents certified that they mailed to Petitioner because Petitioner "*is not registered* in the [Case Management ("CM")]/[Electronic Case Filing ("ECF")] System." (Doc. 32 at 3 (emphasis added)). The Court also finds that Petitioner is not registered in the CM/ECF System. Thus, unless Respondents otherwise sent their filings to Petitioner, Petitioner has not received them.

Petitioner has provided additional evidence that further supports his claim that he has not received Respondents' filings. Petitioner attached a copy of the mail log history of the Central Arizona Florence Complex to his objections. (Doc. 41 at 17-18).[1] The log covers January 1, 2022 to January 3, 2024. (Doc. 41 at 17). During this period, Petitioner should have received a mailed copy of Document 15 (filed by Respondents on December 13, 2023), Document 18 (filed December 22, 2023), and Document 21 (filed January 2, 2023). While the mail log reflects that Petitioner received filings from the Court,[2] there is

---

[1] Petitioner attached two copies of the mail log, however, because the first log (Doc. 41 at 17) encompasses the entries of the second log (Doc. 41 at 18), the Court only references the first log.
[2] The Court mailed a document on May 16, 2023 and the log shows Petitioner received mail from the Court on May 19, 2023. The Court mailed a document on November 17, 2023 and the log shows Petitioner received mail from the Court on November 22, 2023. The Court mailed a document on December 18, 2023 and the log shows Petitioner received mail from the Court on December 20, 2023.

- 4 -

1 no record that Petitioner received filings from Respondents. Thus, based on the Court's
2 review of the record, it appears that Respondents have not served Petitioner with *numerous*
3 filings as required by Federal Rule of Civil Procedure 5. The Court orders Respondents to
4 show cause regarding whether Federal Rule of Civil Procedure 5 was complied with and,
5 if Respondents did not comply with Rule 5, discuss the appropriate remedy.

**III. Objections**

7 "Petitioner accept[s] [the] Report and Recommendation." (Doc. 41 at 6). This
8 suggests that Petitioner does not have any objections to the R&R. However, as the United
9 States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to
10 construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Thus,
11 the Court will review the entirety of Petitioner's filing regarding the R&R and address any
12 *specific* objections.

**a. Objections #2, #4, #6: Respondents "Ignore" Court Order**

14 Petitioner quotes the R&R's recommendation and says Respondents "ignore" the
15 R&R, "the federal court order," and "the [R&R's] order for the bond hearing." (Doc. 41 at
16 1, 2, 6). The R&R is a *proposal* of findings and recommendations for the case that this
17 Court may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1). The R&R
18 itself is not a court order. Accordingly, Respondents are not ignoring a court order and this
19 objection is unfounded.

**b. Objections #3, #4: Entitlement to Counsel**

21 Petitioner cites Rule 8(c) of the Rules Governing § 2254 Cases to argue that the
22 Court must appoint him counsel. (Doc. 41 at 1, 6). Under Rule 8(c), "[i]f an evidentiary
23 hearing is warranted, the judge must appoint an attorney to represent [the] petitioner."
24 Rules Governing § 2254 Cases. Petitioner says that "[a]n evidentiary hearing will likely be
25 necessary in this case." (Doc. 41 at 1).

26 Rule 8(c) does not apply to Petitioner because Petitioner did not file his Petition
27 under 28 U.S.C. § 2254; Petitioner filed under 28 U.S.C. § 2241. (Doc. 37 at 1). Regardless,
28 this Court will not hold an evidentiary hearing. Thus, to the extent that this is an objection,

it is overruled.³

### c. Objections #4, #5, #7, #8, #10, #11: Quotes from the R&R

In various places, Petitioner quotes the R&R but does not provide a specific objection. (Doc. 41 at 2-3). Without a specific objection, there is nothing for the Court to address.

### d. Objection #9: Procedural History

Here, it appears Petitioner is recounting the procedural history of his removal proceedings. (Doc. 41 at 2). Although Petitioner reuses some language from the R&R, Petitioner does not make a specific objection. Therefore, there is no objection for the Court to address.

### e. Objection #11: Threat to Public Safety

Petitioner says he "is not [a] [t]hreat to [p]ublic [s]afety," "[t]his is [his] first time detained by ICE," "ICE has no evidence to hold [him] in custody because he has no history with being a flight risk or danger to the community," and "Respondent[s] have no physical evidence of proof." (Doc. 41 at 3). The R&R does not contradict what Petitioner says; rather, the R&R recommends that this Court order Respondents "shall bear the burden of proving at the [bond] hearing, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community." (Doc. 37 at 1). Thus, there is no objection for the Court to address.

### f. "Factual Allegations"

Petitioner includes a section titled "Factual Allegations." (Doc. 41 at 3-6). On review, this section both reiterates arguments already made by Petitioner and introduces new arguments. The Court is not required to review any issues not the subject of an objection. As such, the Court will not review this section.

## IV. "Notice Regarding Status Requests Updates and Supplemental New Evidence/Information"

The Court received and reviewed Petitioner's Notice. (Doc. 43). The Court believes

---

³ The Court notes that the Immigration Judge, not this Court, will decide whether Petitioner is entitled to counsel at the bond hearing.

- 6 -

1  this Order acts as the update Petitioner asked for. Regarding the other points in Petitioner's
2  Notice, on this record, the Court cannot rule on whether Petitioner should be removed.
3  Additionally, if Petitioner wishes to make allegations regarding his treatment while in
4  custody, that relief is not properly sought under 28 U.S.C. § 2241; thus, the Court will not
5  address it. *See* 42 U.S.C. § 1983.

6  **V.     Conclusion**

7     Accordingly,

8  **IT IS ORDERED** that the Motion for Update (Doc. 43) is granted in part and denied
9  in part as follows. To the extent that Petitioner requests an update, this Order provides an
10 update and the Motion is granted. The Motion is denied without prejudice on all other
11 requests.

12 **IT IS FURTHER ORDERED** that Respondents show cause within 14 days of the
13 date of this Order regarding whether Federal Rule of Civil Procedure 5 was complied with
14 and, if Respondents did not comply with Rule 5, discuss the appropriate remedy.

15 **IT IS FURTHER ORDERED** that that the Report & Recommendation (Doc. 37)
16 is accepted and adopted; the objections (Doc. 41) are overruled.

17 **IT IS FURTHER ORDERED** that, consistent with the foregoing, the Petition
18 (Doc. 1) is granted in part and denied in part as follows. To the extent that Petitioner
19 requested immediate removal from immigration detention, the Petition is denied. To the
20 extent that Petitioner requested an individualized bond hearing before an immigration
21 judge, the Petition is granted. Respondents must provide Petitioner with an individualized
22 bond hearing before an immigration judge within thirty days of the date of this Order.

23 **IT IS FURTHER ORDERED** that, at the individualized bond hearing,
24 Respondents must establish by clear and convincing evidence that Petitioner is a flight risk
25 or a danger to the community in order to continue his detention.

26 / / /
27 / / /
28 / / /

**IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment granting in part and denying in part the Petition as specified above.

Dated this 18th day of November, 2024.

James A. Teilborg
Senior United States District Judge